IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICANS FOR TRUTH ABOUT | ) | |
| HOMOSEXUALITY, a not-for- | ) | |
| profit Organization, | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | Jury Trial Demanded |
| HOLIDAY INN SELECT CHICAGO/ | ) | |
| NAPERVILLE-LISLE, | ) | |
| Defendant. | ) | |

COMPLAINT

Plaintiff, by its undersigned attorney, hereby complains of Defendant as

follows:

1.      This is an action under the federal civil rights laws by which plaintiff, a grass

roots citizen advocacy group, seeks to redress and remedy the violation of its federal

civil rights under Title II of the Civil Rights Act of 1964, 42 U.S.C. §2000a.  More

specifically, plaintiff seeks a declaration that its own rights and the rights of its

members to public accommodation without discrimination on the basis of religious

beliefs were infringed and suppressed when the defendant, a corporation doing

business in Illinois, cancelled its verbal contract with plaintiff to hold plaintiff's

fundraising banquet at its Naperville facility, due to plaintiff's religiously-based beliefs

against homosexuality, refusing to allow plaintiff to hold its banquet there upon finding

out about plaintiff's Christian views against homosexuality. Defendant effected a

heckler's veto against plaintiff, by cancelling its agreement to allow plaintiff's banquet

to be held on its premises.

## Jurisdiction & Venue

2.     This Court has jurisdiction over the parties to this dispute, all of whom are

domiciled and either do business, operate or work within the State of Illinois.  The

events giving rise to plaintiffs' claim occurred in DuPage County, Illinois.

3.     This Court has jurisdiction over the subject matter of this dispute, as plaintiffs'

claim arises under 42 U.S.C. §2000 (the Civil Rights Act of 1964).

## The Parties

4.     Plaintiff, AMERICANS FOR TRUTH ABOUT HOMOSEXUALITY (AFTAH), is a

not-for-profit corporation in good and lawful standing under the laws of the State of

Illinois, whose head office and principal place of business is located in DuPage County,

Illinois.  AFTAH has been dedicated to providing and promoting education about the

evils of our current national and corporate policies that favor the political and social

will of homosexuals over people of faith who follow the Bible's directives to count

homosexuality as sin (see Romans 1:20-32, Leviticus 18:22, 20:13), dedicated

to peacefully opposing homosexual activism which often turns violent and intimidating,

and dedicated to opposing peacefully social and political agendas promoting

homosexuality at the expense of religious persons' right to conscience. AFTAH also

educates and demonstrates against same-sex marriage (see Matthew 19:4-5),

and promotes what the Bible teaches about deliverance from homosexuality

supernaturally through repentance for personal sins (including homosexuality), and a

personal relationship with Jesus Christ, who as fully man and fully God, took the

penalty for sins by dying on the Cross (and later rising from the dead) (see 1

Corinthians 6:9-11[1])

5.      Defendant HOLIDAY INN SELECT CHICAGO/NAPERVILLE-LISLE is an

independently operated franchisee of Holiday Inns, Inc. Defendant is located in

Naperville, Illinois, which is in DuPage County.

---

[1] 1 Corinthians 6:9-11 (New American Standard Bible): (9) Or do you not know that the unrighteous will not inherit the kingdom of God? Do not be deceived; neither fornicators, nor idolaters, nor adulterers, nor effeminate, *nor homosexuals* (emphasis added), (10) nor thieves, nor the covetous, nor drunkards, nor revilers, nor swindlers, will inherit the kingdom of God. (11) *Such were some of you; but you were washed, but you were sanctified, but you were justified in the name of the Lord Jesus Christ and in the Spirit of our God*. (Emphasis added.)

Factual Narrative

6.      In August, 2007, AFTAH entered into a verbal contract with Holiday Inn Select

Chicago/Naperville-Lisle in which AFTAH would hold their fundraising banquet at the

Naperville Holiday Inn Select facility (hereinafter "Holiday Inn Select") on October 6,

2008, in exchange for ample financial consideration.

7.      In this conversation, AFTAH identified itself to Holiday Inn Select as a Christian

non-profit group, and informed them of AFTAH's mission, and the possibility that

protests from homosexual activists and sympathizers may take place outside of the

banquet.

8.      AFTAH attempted to be accommodating by agreeing not to list the name or

address of the hotel on its website (saying instead "Location TBA," and sending

invitations with the name and address of the hotel to invited guests and those known

to be friendly to AFTAH.

9.      On August 23, 2008, AFTAH director Peter LaBarbera was informed by

Holiday Inn Select General Manager Dennis Igoe that after discussing the matter with

their corporate offices, Holiday Inn Select was dropping AFTAH's reservation due to

"negative publicity to the hotel."

10.    On August 28, 2008, after attempts by LaBarbera and his attorneys to

persuade Holiday Inn Select to host the AFTAH banquet, LaBarbera was informed

that Holiday Inn Select was sticking by its decision to cancel its verbal contract with

AFTAH.

Count 1: Violation of 42 U.S.C. §2000a, Denial of Public Accommodation on the
Basis of Religion

11.    Plaintiff realleges paragraphs 1 through 10 and incorporates them herein.

12.    Defendant's breaking of its verbal contract with Plaintiff upon hearing of the

facts of 1) Plaintiff's Christianity, and 2) Plaintiff's religiously based controversial

stand on the subject of homosexuality, gives rise to a definite inference of

discriminatory intent, to violate Plaintiff's right to public accommodation.

13.    Defendant is a place of public accommodation under 42 U.S.C. §2000a.

14.    Plaintiff is not required to exhaust any administrative remedies before bringing

claims alleging public accommodation discrimination under 42 U.S.C. §2000a, and

the state agency charged with enforcing laws against public accommodation

discrimination, the Illinois Department of Human Rights (IDHR), cannot grant or seek

relief to Plaintiff because more than 180 days have passed since the incident in

question took place (as such, approaching IDHR on this matter would be futile).

15.    Plaintiff suffered from Defendant's discriminatory cancellation of its contract

with Defendant by being forced to disrupt its operations by scrambling to find another

suitable venue for its banquet, which was scheduled and advertised for a date only

one month away.

16.    Defendant's discrimination against Plaintiff on the basis of religion is evidenced

further by its frequent hosting of conventions and banquets for groups with aims at

odds with or hostile to Christianity, such as psychics and tarot card readers.

Defendant does not turn away groups such as these in fear of "negative publicity."

17.    It's claim of "negative publicity" is pretextual, masking its true intent, to

discriminate against Christians who oppose homosexuality.

WHEREFORE, premises considered, Plaintiff requests the following relief:

A.    To preliminarily and permanently enjoin Defendant from committing any

further acts of discrimination against Christians (particularly those who

oppose homosexuality);

B.    To enter judgment against Defendant, ordering it to pay compensatory

and exemplary damages to Plaintiff for its wrongdoing;

C.    To enter judgment against Defendant for attorney's fees pursuant to

42 U.S.C. §1988; and

D.    Any and all other relief this Court finds just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff,

By:  /s/ Jason R. Craddock

Jason R. Craddock

Attorney at Law

P.O. Box 1514

Sauk Village, IL 60412

Phone: 708/ 662-0945

Fax: 708/ 753-1242